FILED
DEC 3 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA SICINSKA,

    Plaintiff,

v.      Civil Action No. 18-1740 (UNA)

GOOGLE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The plaintiff, who has been arrested in Poland, asks this Court to order defendant to release the contents of her electronic mailbox, including incoming, outgoing, and draft electronic mail message, and forward the information to a court in Poland. She fails to state a basis for this Court's jurisdiction or a cognizable claim showing her entitlement to relief.

To the extent that plaintiff is seeking evidence for use in proceedings before the Polish court, the complaint might be construed as a request for discovery assistance under 28 U.S.C. § 1782, pursuant to which the Court may order a person within this district "to produce a document or other thing for use in a proceeding in a formal or international tribunal, including criminal investigations conducted before formal accusation," 28 U.S.C. § 1782(a). An application under 28 U.S.C. § 1782 "presents two primary inquiries": the Court must first determine whether it has authority to grant the requested relief, and, second, the Court must consider whether rit should exercise its discretion to do so. *See Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 49 (D.D.C. 2005). There are too few factual allegations in the complaint from which the Court might make a reasoned determination on such a discovery request, and the exhibits plaintiff submits are written in Polish and are thus of limited use.

It is hereby **ORDERED** that plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

It is further **ORDERED** that Plaintiff is permitted to file an amended application within 45 days of the date of this Order. In the event Plaintiff fails to do so, the Court will dismiss this action.

DATE: December 31, 2018

_____
United States District Judge